# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLYN FRISCARELLA, ) | |
| *as Attorney in Fact for Ronald Junio*, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 10-1647 |
| ) | |
| v. ) | Magistrate Judge Bissoon[1] |
| ) | |
| MIDLAND MORTGAGE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Defendant's Motion to Dismiss (Doc. 4) will be granted in part and denied in part, as described below.

Defendant seeks dismissal of Count III of the Complaint, which alleges violations of Pennsylvania's Unfair Trade Practices Act and Consumer Protection Law ("UTPCPL"). *See* Def.'s Br. (Doc. 5) at 4-6. Defendant argues that Plaintiff's UTPCPL claims are barred by Pennsylvania's economic loss doctrine, citing Sarsfield v. Citimortgage, Inc., 707 F. Supp.2d 546 (M.D. Pa. Apr. 20, 2010). *See id.* at 556-59. In Sarsfield, the court concluded that it was "not in a position to ignore the [Court of Appeals for the] Third Circuit's prediction" in Werwinski v. Ford Motor Co., 286 F.3d 661 (3d Cir. 2002) that the economic loss doctrine applies to claims under the UTPCPL. Sarsfield, 707 F. Supp.2d at 558 (citations omitted). For this reason, and because the plaintiffs' UTPCPL claim was "interdependent with claims that could [have] arise[n] from the mortgage contract between the parties," the Sarsfield Court found the plaintiffs' UTCPCL claims barred. *See id.* at 559.

---

[1] By consent of the parties, the undersigned sits as the District Judge in this case. *See* Consent forms (Docs. 9 & 10).

Sarsfield is a thorough and carefully reasoned decision, and this Court joins its conclusion. Plaintiff's UTCPCL claims are, in material respects, indistinguishable from those in Sarsfield, and Plaintiff's arguments here are rejected for the same reasons as they were in that case. *Compare* Pl.'s Opp'n Br. (Doc. 11) at unnumbered pgs. 9 through 11 of 17 (arguing that Pennsylvania's Statutory Construction Act precludes application of economic loss doctrine to UTCPCL) *with* Sarsfield at 557-58 (declining to follow Eastern District of Pennsylvania decision endorsing this theory, because it was inconsistent with Third Circuit Court's reasoning in Werwinski). Thus, Defendant's Motion to Dismiss regarding Count III is **GRANTED**.[2]

Defendant also requests dismissal of Count IV of the Complaint, which alleges a state law claim of intentional inflection of emotional distress ("IIED"). *See* Def.'s Br. at 6-9. Contrary to Defendant's suggestion, Plaintiff alleges conduct going beyond the routine enforcement of a mortgage agreement. *Compare id.* at 9 *with* Compl. at ¶¶ 21-22 (claiming that, while Plaintiff was convalescing at nursing home, Defendant's agent broke lock on Plaintiff's door and posted "vacan[cy]" notice on his home). In any event, Defendant's arguments are better suited for summary judgment. *See generally* Gibbs v. Massey, 2009 WL 838138, *9 (D. N.J. Mar. 26, 2009) (noting that dismissal of IIED claim at 12(b)(6) stage is "rare"). Thus, Defendant's Motion to Dismiss regarding Count IV is **DENIED, without prejudice**.

IT IS SO ORDERED.

May 18, 2011
s/Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

---

[2] Also as in Sarsfield, the Court rejects Plaintiff's attempt to seek emotional distress damages under the UTCPCL. *Compare* Pl.'s Opp'n Br. at unnumbered pgs. 12 through 15 of 17 *with* Sarsfield at 559 n.6 ("claims for emotional distress are not compensable under the UTCPCL") (citations omitted).

cc (via ECF email notification):

All Counsel of Record